IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DARRELL LAW, #13-2418　　　　　　　　*
　　　　　Plaintiff
　　v.　　　　　　　　　　　　　　　　* CIVIL ACTION NO. ELH-14-0015

CAPT. RUDY　　　　　　　　　　　　　*
LT. GOODREY
SGT. PORTER　　　　　　　　　　　　*
CORP. DOW
SGT. HARTLEY　　　　　　　　　　　　*
LT. HEROLD, *et al*.
　　　　　Defendants.　　　　　　　　*
　　　　　　　　　　　　　　　　　*****

MEMORANDUM

On January 2, 2014, plaintiff Darrell Law, a pre-trial detainee housed at the Cecil County Detention Center ("CCDC"), filed this civil rights action against several defendants, pursuant to 42 U.S.C. § 1983. Mr. Law, who is self-represented, claims that an informal grievance, pertaining to "possible unlawful detention" was sent to administrative officers at CCDC on November 22, 2013. ECF 1. Mr. Law states that one day later he was placed on administrative segregation /isolation at CCDC for "appearing to fight" the night before.[1] He contends that the citation was written in retaliation for his being a "complainant." Further, Mr. Law claims that the review of his removal from administrative segregation did not comply with the procedures set out in the CCDC handbook. For relief, he seeks the installation of a "more comprehensive" administrative remedy program, the establishment of due process notification "for the necessity" of administrative segregation, and

---

[1] According to the Disciplinary Report on November 22, 2013, Mr. Law was observed on camera going into the cell of another inmate. While he was in the cell, "it looked like as if a fight was taking place." The Report further noted that when Mr. Law came out of the cell he was holding his shoulder area and wincing in pain. The report noted that "fighting with another inmate is a violation of the [CCDC]." ECF 1 at Ex. 1.

$2,000.00 in compensatory damages for each of the days he was housed on segregation.[2] *Id*. Because Mr. Law appears indigent, his motion for leave to proceed in forma pauperis shall be granted. ECF 2. However, his complaint shall be summarily dismissed, for the reasons that follow.

To the extent that Laws complains that he was housed on administrative segregation for six or seven days, the court finds no constitutional violation. He does not allege that the conditions under which he was housed differed in any material way from those imposed upon other CCDC prisoners. Thus, insofar as Mr. Law raises a due process challenge to such an assignment, he has failed to state a claim for the violation of any constitutionally protected right. *See Sandin v. Conner*, 515 U.S. 472, 484 (1995) (constitutionally protected liberty interest may be created when state action imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life"); *see also Beverati v. Smith*, 120 F.3d 500, 504 (4th Cir. 1997).

Retaliation against an inmate for the exercise of a constitutional right states a claim under 42 U.S.C. § 1983. *See American Civ. Liberties Union v. Wicomico County*, 999 F. 2d 780, 784-86 (4th Cir. 1993). The inmate alleging retaliation "[b]ears the burden of showing that the conduct at issue was constitutionally protected and that the protected conduct was a substantial motivating fact in the prison officials' decision...." *Graham v. Henderson*, 89 F.3d 75, 79 (2d Cir. 1996).

Mr. Law contends that he was assigned to segregation/isolation, not for fighting, but rather in reprisal for his submitting informal complaints at CCDC. Such conduct is not constitutionally protected; the law in this circuit dictates that there is no constitutional entitlement to grievance pro-

---

[2] In *Law v. Cecil County Sheriff's Office, et al*., Civil Action No. ELH-14-0014, Mr. Law alleged that he was housed on segregation from November 23, 2013 through November 29, 2013, and "was allowed out of my cell for hygienic purposes and a phone call on two occasions." *Id*. at ECF 1 at p. 5.

cedures merely because such procedures are voluntarily established by the government. *See Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994). Therefore, Mr. Law has failed to set out a colorable claim of retaliation for exercising a constitutionally protected right.

Finally, while Law claims that the CCDC handbook provides for specific procedures for review of a prisoner's removal from administrative segregation, the mere fact that CCDC staff allegedly failed to follow written directives to the letter in his case does not give rise to a liberty interest. Thus, the failure to follow regulations does not, in and of itself, result in a violation of due process. *See Ewell v. Murray,* 11 F.3d 482, 488 (4th Cir. 1993); *Culbert v. Young*, 834 F.2d 624, 628 (7th Cir. 1987). Regardless of any alleged violation of internal regulations, the law is settled that the failure to follow a prison directive or regulation does not give rise to a federal claim, if constitutional minima are met. *See Myers v. Kelvenhagen,* 97 F.3d 91, 94 (5th Cir. 1996).

For these reasons, a separate Order shall be entered granting Mr. Law's motion for leave to proceed in forma pauperis and dismissing the complaint.

Date: January 13, 2014           /s/
                                 Ellen Lipton Hollander
                                 United States District Judge